UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLSTATE CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> WENDELL ANDERSON, BRANDON BARNES, and CHAD ELLIS, <br><br> Defendants. | Case No.: C 06-00846 (PVT) <br><br> **ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE** |

On May 11, 2006, Defendant Wendell Anderson filed a motion to dismiss the amended complaint. Defendants Brandon Barnes and Chad Ellis joined the motion to dismiss. Plaintiff opposed the motion. The motion was heard on August 1, 2006. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendants' motion is GRANTED without prejudice.

### I.   STANDARD FOR MOTION TO DISMISS

A motion to dismiss suit for declaratory judgment is addressed to discretion of the court. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942*)*; *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.1998). In declaratory relief actions, there is generally no presumption in favor of absention. *Dizol*, 133 F. 3d 1226 (9th Cir. 1998). The court considers several factors when ruling. The *Brillhart* factors, while not exhaustive, are "philosophical touchstones" for the court to consider, such as: whether jurisdiction would involve needless determination of state law issues, whether jurisdiction would encourage forum shopping, and whether jurisdiction would

involve duplicate litigation. *Brillhart,* 316 U.S. 494-496 (1942); *see also Dizol*, 133 F. 3d 1225 (9th Cir. 1998). Courts generally do not provide declaratory relief in matters where related facts are disputed in an underlying matter. *California Insurance Guarantee Associate v. Superior Court,* 231 Cal. App. 3d 1617, 1623 (1991). In a declaratory relief action, "federal courts should be reluctant to decide factual issues which are currently at-issue in state court." *State Farm Fire and Casualty Co. v. McIntosh*, 837 F.Supp. 315, 316 (N.D. Cal. 1993). When a federal court adjudicates such factual issues, parties may be collaterally estopped from litigating the issue in the underlying state matter. *Id*.

## II.  FACTUAL BACKGROUND

On September 24, 2003 several members of the Yuba County Sheriff's Department Special Enforcement Detail (S.E.D) (commonly called "SWAT") Team traveled to Morgan Hill, California to attend a SWAT competition. The attending officers included Defendants Wendell Anderson ("Anderson"), Brandon Barnes ("Barnes") and Chad Ellis ("Ellis"). Ellis alleges that during the trip he suffered injuring resulting from a hazing incident which took place in Barnes' hotel room.

## III.  PROCEDURAL BACKGROUND

In 2004 Ellis filed a lawsuit against Anderson, Barnes and the County of Yuba, entitled *Ellis v. County of Yuba, et al.* (the "Underlying Matter") in Santa Clara County Superior Court. The matter is still pending. The defendants in the Underlying Matter (Anderson and Barnes) originally claimed the injuries resulted from horseplay within the course of their duties.

Anderson and Barnes tendered their defense to the County of Yuba in the Underlying Matter. The county has alleged in the Underlying Matter that the defendants were not acting in the course and scope of their employment at the time of the incident, and refused the tender of defense. Anderson and Barnes also tendered their defense to their homeowner's insurance policy carrier, Allstate, who accepted the tender of defense under a reservation of rights. However, both Anderson and Barnes are being provided defense through the Peace Officers Research Associate of California (PORAC) Legal Defense fund. It appears Allstate has not paid any defense costs as of this time.

On February 8, 2006, Allstate filed this action against Anderson, Barnes, and Ellis. Allstate's complaint seeks declaratory relief and reimbursement stemming from the Underlying Matter in Santa

Clara County Superior Court. It contends the insurance policy held by Anderson and Barnes does not provide coverage for liability or potential liability of the defendants arising out of the Underlying Matter for two reasons. First, that the insureds acted intentionally. Second, that the alleged injury arose out of business activities of the insured persons. Ellis amended his complaint in the Underlying Matter a second time to deny any connection between the incident and any business activity.

Anderson, joined by Barnes and Ellis, now bring a motion to dismiss, stay or remand this action on the grounds that: (1) Adjudicating the matter would require the court to determine disputed issues in the Underlying Matter, namely if the incident occurred intentionally and within the course and scope of employment; and (2) Venue is improper.

IV. DISCUSSION

A. ADEQUACY OF MOTION TO DISMISS BASED ON LIABILITY FOR INTENTIONAL ACTS OF THE INSUREDS

Allstate has offered to sever the issues relating to whether or not Anderson and Barnes acted willfully and whether there is liability for intentional acts. Based on the Underlying Matter, Allstate is willing to stay these issues pending the outcome of the Underlying Matter.

B. ADEQUACY OF MOTION TO DISMISSED BASED ON LIABILITY FOR ACTS OCCURRING DURING THE SCOPE AND COURSE OF THE INSURED'S EMPLOYMENT

Defendants argue that Allstate's lawsuit seeking declaratory relief and reimbursement should be dismissed because it is premature and improper for the court to adjudicate factual issues presented which are already being litigated in an Underlying Matter. In the Underlying Matter, Anderson and Barnes argue the injuries sustained by the victim Ellis resulted from actions associated with their work as sheriff's employees. Anderson and Barnes contend the acts were related to employment in response to the County of Yuba's motion for summary judgment claiming no responsibility for defendants acts not related to business activity. Therefore, the court would be required to determine facts which are also at issue in the underlying matter, which could disrupt the adjudication of the underlying matter. *State Farm Fire and Casualty Co. v. McIntosh*, 837 F.Supp. at 316.

According to *Montrose Chem. Corp. v. Superior Court (Montrose I)*, an insurer may obtain

declaratory relief before resolution of an underlying tort action if the resolution of the issues involve undisputed facts or different issues than those involved in the underlying action. *Montrose I*, 6 Cal. 4th 287, 302 (1993). Accordingly, in order for Allstate to be entitled to declaratory relief it must establish that there are no related issues or facts being determined in the pending Underlying Matter. Defendants maintain adjudication of related issues or facts should be precluded because inconsistent rulings could result which may prejudice the insureds. Anderson and Barnes further argue that if the matter is not stayed or dismissed they would be forced to abandon their primary defense in the Underlying Matter. Anderson and Barnes argue that defending against this declaratory relief action would require them to publically plead that they were not acting in the course and scope of their employment during the time of the incident. This is contrary to their defense in the Underlying Matter, where they maintain their actions were related to employment.[1] Defendants also contend prejudice could occur because of the possibility that some issues could be collaterally estopped.

An insurer has a duty to defend if the insured is potentially entitled to coverage under the insurance policy. *Montrose I*, 6 Cal. 4th 287 (1993); *Montrose Chem. Corp. v. Superior Court (Montrose II)*, 25 Cal. App. 4th 902 (1994). Anderson, Barnes and Ellis note that the second amended complaint submitted by Ellis in the Underlying Matter states the incidents did not arise out of business activity. This claim, according to the Defendants, triggers Allstate's duty to defend Anderson and Barnes in the Underlying Matter.

Adjudication of the present claim would require assessment of issues and facts also being adjudicated in the pending Underlying Matter. Specifically, both lawsuits concern the question of whether Anderson and Barnes were acting in the course and scope of their employment. Anderson and Barnes could be prejudiced by a ruling on the present complaint. Therefore, dismissal of the claim is warranted. The case shall be dismissed without prejudice. Once the Underlying Matter has been adjudicated, Allstate may re-file a claim should it be deemed necessary.

---

[1] Pleading in the alternative is permissible even when the claims may be inconsistent. *Adams v. Paul*, 11 Cal.4th 583, 593 (1995). *See also* Cal. Procedure (3d ed. 1985) Pleading, §§ 356-358, pp. 411- 414

### C. ATTEMPTED UNJUST ENRICHMENT CLAIM

Allstate also attempts to allege unjust enrichment causes of action against Anderson and Barnes. In diversity cases, the district court has an obligation to exercise jurisdiction over state law claims which are joined with an action for declaratory relief, such as unjust enrichment claims. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1226 (9th Cir. 1998). However, a claim for unjust enrichment requires "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. Seoul Bank*, 77 Cal. App. 4th 723 (2000). Allstate has not made any such allegations. Therefore, Allstate's unjust enrichment claim fails for lack of any alleged benefit actually received by Anderson and Barnes. Fed. R. Civ. Pro. 12(b)(6). If Plaintiff believes it can allege the elements of unjust enrichment in good faith under Rule 11 at this time, they may have leave to amend and must do so within twenty days.

### D. VENUE

Defendants contends that venue is improper and the case should therefore be dismissed. According to 28 U.S.C. §1406(a), if venue is improper then a complaint may properly be dismissed. Anderson, Barnes and Ellis argues the claim involves a contract dispute and venue should be based on where the contract was negotiated, signed and performed. While the Defendants raise the venue argument, the court need not reach it because the court is granting the motion to dismiss. *See, e.g., Feinstein v. Moses*, 951 F.2d 16 (1st Cir. 1991).

### V. CONCLUSION

Based on the foregoing analysis, dismissal of this action is warranted. There are potential factual issues which would require consideration in both this matter and the Underlying Matter. Issues that are the same or related should be adjudicated in the Underlying Matter prior to a ruling regarding Allstate's liability.

Dated: *8/11/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge